[No. 6786–1.   Division One.   November 19, 1979.]

GENERAL INSURANCE COMPANY OF AMERICA, *Respondent*, v. ICELANDIC BUILDERS, INC., ET AL, *Appellants*, SAFECO INSURANCE COMPANY OF AMERICA, *Respondent.*

*John A. Drury,* for appellants.

*Leslie K. Lynch,* for respondents.

RINGOLD, J.—This action for declaratory judgment was instituted by General Insurance Company of America for a determination whether Timothy J. Kristjanson was a person insured under the terms of the uninsured motorist provision of an insurance policy issued to Icelandic Builders, Inc. (Icelandic). The appeal follows a trial court judgment that Kristjanson is not an insured under the policy. We agree with the trial court's ruling and affirm.

Icelandic is a closely held family corporation in the construction business operated by the Kristjanson family. S. J. Kristjanson owns all the stock in the corporation. The corporation's registered office is the family home, and S. J. Kristjanson is the registered agent. Mr. and Mrs. Kristjanson and Timothy are the directors of the corporation. Timothy, who was seriously injured when his personal car was hit by an uninsured motorist, claims coverage as a resident in his father's household.

Endorsement U of the policy provides as follows:

[An insured] . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; . . .

. . .

II. PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

(a) *the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either;*

(b) any other person while occupying an insured highway vehicle; and

(c) any person, with respect to damages he is entitled to recover because of bodily injury to which this insurance applies sustained by an insured under (a) or (b) above.

(Italics ours.) Exhibit 3.

Two issues are presented in the cause:

1. Did the trial court err in holding there is no ambiguity in Endorsement U?

Timothy argues that the language of the policy is ambiguous because its terms are uncertain or capable of being understood as having more than one meaning. *Murray v. Western Pac. Ins. Co.*, 2 Wn. App. 985, 472 P.2d 611 (1970). He argues that the corporation had no existence independent of the Kristjanson family, and that the average man purchasing insurance would interpret the policy as providing coverage to him as a relative residing in the same household. Therefore S. J. Kristjanson should be deemed the "named insured" affording Timothy coverage.[1] He further contends that a determination that he was covered under Endorsement U is compelled by the following rules of construction:

(1) Doubtful terms or phrases are interpreted against the insurer . . .

(2) Exclusionary clauses are to be construed most strongly against the insurer. . . .

(3) The language of insurance policies is to be interpreted as it would be understood by the average man.

*Truck Ins. Exch. v. Aetna Cas. & Sur. Co.*, 13 Wn. App. 775, 777–78, 538 P.2d 529 (1975).

---

[1] We perceive this argument to be a contention that this posits a factual issue which should be decided by a jury.

Kristjanson contends that section 2 of Endorsement U is captioned "persons insured" thereby implying that there are "persons" who fill the categories defined in sections (a) and (b) thereunder; if the "named insured" is Icelandic, there is no "person" who would be insured under section (a) since a corporation cannot sustain bodily injury so as to qualify for coverage. Thus he reasons this section of the policy is ambiguous because it purports to insure specific persons yet excludes any person if the named insured is a corporation. This interpretation of the policy urged by Kristjanson arises from the fact that this standard form endorsement is intended for use with a policy in which the named insured is a corporation, a juristic person incapable of sustaining bodily injury.

Despite, however, the reference to the "named insured" in section 2(a) as within the class of "persons insured" there is no uncertainty that "persons insured" refers (other than to the named insured) only to corporeal persons capable of sustaining bodily injury. The first sentence of the endorsement reads, "The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of *bodily injury* sustained by the insured." (Italics ours.) Exhibit 3.

The tenor of the endorsement makes clear the meaning of the word "persons" in section 2 of the endorsement. That word is not "uncertain and . . . capable of being understood as having more than one meaning . . ." *Murray v. Western Pac. Ins. Co., supra* at 991. "[C]ourts cannot create ambiguity or doubt where the language of the policy is not susceptible of more than one interpretation." *Truck Ins. Exch. v. Aetna Cas. & Sur. Co., supra* at 778. The identification of a corporation as the named insured does not so obfuscate the meaning of the term "person" as to create an ambiguity.

The uninsured motorist endorsement is required by RCW 48.22.030, which provides that

> [N]o new policy . . . shall be delivered or issued . . . unless coverage is provided . . . for the protection of *persons* insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . because of *bodily injury* . . . resulting therefrom, . . .

(Italics ours.)

■ The incapability of a corporation to sustain bodily injury does not excuse the insurer from any possible liability arising from the endorsement. In addition to coverage being extended to "any designated insured" in section 2(a), under section 2(b) "any other person [than a named or designated insured, as defined in (a)] while occupying an insured highway vehicle" is covered. An insured highway vehicle is a vehicle specifically mentioned elsewhere in the policy to which bodily injury liability coverage is extended. The strong public policy favoring uninsured motorist coverage, as enunciated in RCW 48.22.030, is not frustrated by the fact that a corporation, as a named insured, cannot sustain bodily injury. There is no ambiguity in the operative language here. The "average man" test and other rules of construction are applicable only after an ambiguity has been found.

The named insured is the corporation and there is no other designated insured. The policy language describes unambiguously who is insured under the policy. There is no basis for applying rules of construction which Kristjanson seeks to invoke. The courts cannot create an ambiguity when none exists and thereby rewrite a policy. *U.S.F. & G. Ins. Co. v. Brannan,* 22 Wn. App. 341, 589 P.2d 817 (1979).

2. Did the trial court err in refusing a defendant's jury demand?

■ Whether a contract is ambiguous is a question of law for the court and not a question of fact. *Lenhoff v. Birch Bay Real Estate, Inc.,* 22 Wn. App. 70, 72, 587 P.2d 1087 (1978); *Yeats v. Estate of Yeats,* 90 Wn.2d 201, 204, 580 P.2d 617 (1978). The endorsement being unambiguous as a

matter of law, there could remain no factual issue for a jury to decide. Denial of the jury demand was not error.

The judgment of the trial court is affirmed.

CALLOW, C.J., and SWANSON, J., concur.