Mary Jo **DIXON**, Plaintiff-Appellant,

v.

George E. **GUNTER** and Continental Insurance Company, Defendants-Appellees.

Court of Appeals of Tennessee, Middle Section at Nashville.

Feb. 25, 1982.

Permission to Appeal Denied by Supreme Court July 12, 1982.

Fred Cowden, Jr., Robert Hoehn, Nashville, for plaintiff-appellant.

Thomas Mink, II, Parker, Nichol & Finley, Nashville, for The Continental Ins. Co.

## ABRIDGED

## OPINION

TODD, Presiding Judge, Middle Section.
(With the concurrence of participating judges, the original opinion has been abridged for publication.)

This is an interlocutory appeal for which permission was granted by the Trial Court and this Court. Plaintiff sued for wrongful death of her husband, Alfred Wayne Dixon, in an automobile collision. Named as defendants were George E. Gunter, an alleged uninsured motorist involved in the collision and Continental Insurance Company, a subsidiary of which had issued an automobile policy containing uninsured motorist coverage to Nashville Stone Erection Company, Inc., of which Alfred Wayne Dixon was president and sole stockholder.

The Trial Judge entered summary judgment dismissing Continental, and plaintiff appealed.

The sole issue presented by appellant is whether the policy issued to the corporation afforded uninsured motorist protection to the president and sole stockholder of the corporation while operating a vehicle belonging to a third party and not engaged in the business of the corporation.

The following stipulation was submitted to the Trial Judge:

It is agreed by and between the parties that plaintiff's intestate was the driver of an automobile owned by Juanita Sutton on August 2, 1980, when he was in collision with an automobile owned and driven by defendant, George E. Gunter, of Crab Orchard, Tennessee, said accident occurring at Third Avenue and Jefferson Street in Nashville, Davidson County, Tennessee;

That the automobile driven by plaintiff's intestate was insured through State Farm Automobile Insurance Company with uninsured motorist coverage of

Twenty-five Thousand Dollars ($25,-000.00), and that defendant's automobile was uninsured.

That said State Farm Automobile Insurance Company has paid to plaintiff, as administratrix of the estate of deceased, Alfred Wayne Dixon, the sum of Twenty-three Thousand Dollars ($23,000.00) under the uninsured motorist provision of the policy;

That said deceased was president and principal owner of Nashville Stone Erection Company, Inc., which corporation was insured by Glen Falls Insurance Company under a policy providing liability and uninsured motorist coverage, and that said policy was in full force and effect on said date of August 2, 1980.

That the documents referred to and attached to this stipulation, to wit: release; Glen Falls Insurance Company policy number LBA2 60 29 89, both of which are true, correct and complete copies of the originals and are to be considered by the Court as originals.

The policy, issued to Nashville Stone Erection Company, Inc., includes "Item Two—Schedule of Coverages and Covered Autos" as follows:

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from ITEM THREE shows which autos are covered autos) |
|---|---|
| LIABILITY INSURANCE | 1 |
| PERSONAL INJURY PROTECTION (P. I. P.) (for equivalent No-fault coverage) | |
| ADDED P. I. P. (for equivalent added No-fault cov.) | |
| PROPERTY PROTECTION INSURANCE (P. P. I.) (Michigan only) | |
| AUTO MEDICAL PAYMENTS INSURANCE | 7 |
| UNINSURED MOTORISTS INSURANCE | 1 |
| PHYSICAL DAMAGE INSURANCE: COMPREHENSIVE COVERAGE | 7 |
| SPECIFIED PERILS COVERAGE | |
| COLLISION COVERAGE | 7 |
| TOWING AND LABOR (Not available in Calif.) | |

Included in "Item Three—Description of Covered Auto Designation Symbols" are the following pertinent provisions:

SYMBOL

1 =   ANY AUTO

7 =   SPECIFICALLY DESCRIBED AUTOS. Only those autos described in ITEM FOUR for which a premium charge is shown (and for liability coverage any trailers you don't own while attached to any power unit described in ITEM FOUR).

Included in "Item Four—Schedule of Covered Autos" is the following:

| Covered Auto No. | Year Model: Trade Name; Body Type Serial Number (S) Identification Number (VIN) |
|---|---|
| 1 | 1977 Ford F250 ¾ T. P/U  # F255UY85599 |

"Part I, Words and Phrases with Special Meaning—Read Them Carefully" contains the following pertinent provision:

The following words and phrases have special meaning throughout this policy and appear in bold-face type when used:

A. "You" and "your" mean the person or organization shown as the named insured in ITEM ONE of the declarations.

. . . .

F. "Insured" means any person or organization qualifying as an insured in the WHO IS INSURED section of the applicable insurance. Except with respect to our limit of liability, the insurance afforded applies separately to each insured who is seeking coverage or against whom a claim is made or suit is brought.

Included in "Part II—Which Autos Are Covered Autos" is the following:

A. ITEM TWO of the declarations shows the autos that are covered autos for each of your coverages. The numberical symbols explained in ITEM THREE of the declarations describe which autos are covered autos. The symbols entered next to a coverage designate the only autos that are covered autos.

The "Uninsured Motorists Insurance" endorsement of the policy states:

A. WORDS AND PHRASES WITH SPECIAL MEANING.

In addition to the WORDS AND PHRASES WITH SPECIAL MEANING in the policy, the following words and phrases have special meaning for UNINSURED MOTORISTS INSURANCE:

1. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

. . . .

B. WE WILL PAY

1. We will pay all sums the insured is legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle. The damages must result from bodily injury sustained by the insured, or property damage, caused by an accident. The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the uninsured motor vehicle.

. . . .

D. WHO IS INSURED

1. Your or any family member.

2. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.

3. Anyone for damages he is entitled to recover because of bodily injury sustained by another insured.

The Trial Judge concluded that, since there was no evidence that deceased was an occupant of the insured vehicle or a temporary substitute therefor at the time of his injury, there was no liability under the quoted provisions of the policy.

Appellant insists that the defendant is liable because the policy, quoted above, covers "any auto" and because the uninsured motorists provisions of the policy covers "your or any family member." Appellant insists that, since the named insured, a corporation, could not receive personal injuries and could not have any "family member", this Court must look beyond the corporate

structure and hold that "you" was intended to mean the individual owning all of the stock of the corporation.

 If none of the foregoing insistences are accepted, then appellant relies upon the rule of construction against the writer of an instrument. The application of such a rule requires a latent ambiguity which is not present in the present case. The ambiguity is patent. That is, it is obvious, even to a casual reader, that the insured was to be a corporation which could not possibly have personal injuries or family. Therefore, any reference to personal injuries or family must be regarded as surplus and rejected as such. 17A C.J.S. Contracts, § 316, p. 180.

A contract of insurance should be given a fair and reasonable construction; and likewise should be given a sensible construction, consonant with the apparent object and plain intention of the parties; a construction such as would be given the contract by an ordinary intelligent business man; and a practical and reasonable rather than a literal construction. The contract should not be given a forced, unnatural or unreasonable construction which would extend or restrict the policy beyond what is fairly within its terms, or which would lead to an absurd conclusion or render the policy nonsensical and ineffective. 44 C.J.S. Insurance, § 296, pp. 1163, 1164, 1165.

Authorities cited for the interpretation of policies issued to partnerships are not deemed applicable to the present situation involving a corporation. A partnership is composed of individuals and, generally has no existence except through its individual components. A corporation is an entity separate and apart from its individual officers, directors, stockholders and employees.

It has been held that individual owners of a corporation are not, as such, insureds under a policy issued to the corporation. *Polgin v. Phoenix of Hartford Insurance Companies*, 1972, 5 Ill.App.3d 84, 283 N.E.2d 324; *Kaysen v. Federal Insurance Company*, Minn. 1978, 268 N.W.2d 920; *General Insurance Company of America v. Icelandic Builders, Inc.*, 1979, 24 Wash.App. 656, 604 P.2d 966.

This Court agrees with the Trial Judge that the policy in question did not extend uninsured motorist coverage to deceased while driving a vehicle not owned by the insured and not being used as a substitute vehicle for the insured vehicle.

Affirmed and remanded.

LEWIS and CONNER, JJ., concur.