◼ In the Matter of CONTINENTAL INSURANCE COMPANY, Respondent, v GABRIEL VELEZ, JR., Appellant, et al., Respondents.—In a proceeding to permanently stay arbitration pursuant to an uninsured motorist endorsement of an insurance policy, Gabriel Velez, Jr., appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated August 25, 1986, which granted the application.

Ordered that the judgment is affirmed, with costs.

The sole issue of this case is whether Gabriel Velez, Jr., an officer, director and shareholder of Frio Cold Sales and Service Corp. can recover under an uninsured motorist provision of a policy issued to the corporation.

Mr. Velez was struck by a car while riding his bicycle on the North Service Road of the Long Island Expressway. After ascertaining that the vehicle and the driver were uninsured, he notified Continental Insurance Company (hereinafter Continental), of his intention to arbitrate under the uninsured motorist provision of the automobile insurance policy issued to Frio Cold Sales and Service Corp., a corporation in which he and his parents each owned one third of the stock and were the sole officers and directors. Continental moved for a stay of arbitration claiming that Mr. Velez was not covered under the policy. After a hearing, the Supreme Court, Queens County, concluded that Continental's policy did not cover the appellant. We agree.

The Court of Appeals in *Buckner v MVAIC* (66 NY2d 211) recently held that a corporation cannot suffer bodily injury or have a spouse, relative or household as designated in an uninsured motorist endorsement of an insurance policy worded almost identically to the policy at issue here. The court reasoned that "[w]hether the policy covers plaintiff turns on a reading of the *entire* policy * * * only if it can reasonably be said * * * as a whole that the words, 'who is insured 1. You or any family member' appearing in that endorsement would be so understood by the average person applying common speech * * * can it be

held that [an insurance company] is obligated to cover such injuries" *(Buckner v MVAIC, supra,* at 213-214).

Upon a reading of the instant policy, there is no possible means by which an average person could construe the uninsured motorist provision of Continental's policy to include the appellant. The policy on its face can easily be understood to cover only automobiles owned by the corporation and the occupants thereof. To hold that the policy covers officers and shareholders of the corporation, when they are not occupying corporate vehicles, and when none are mentioned or alluded to in the policy, would be to reach beyond the plain meaning of the policy *(see, Kaysen v Federal Ins. Co.,* 268 NW2d 920 [Minn]; *Dixon v Gunter,* 636 SW2d 437 [Tenn]; *Polzin v Phoenix of Hartford Ins. Cos.,* 5 Ill App 3d 84, 283 NE2d 324; *General Ins. Co. v Icelandic Bldrs.,* 24 Wash App 656, 604 P2d 966). Mangano, J. P., Brown, Lawrence and Spatt, JJ., concur.