**HAWKEYE–SECURITY INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**LAMBRECHT & SONS, INC. and Paulette Lambrecht, Defendants–Appellants.**

**No. 91CA1707.**

Colorado Court of Appeals, Div. III.

Jan. 28, 1993.

Rehearing Denied April 15, 1993.

Kane, Donley & Shaffer, William A. Palmer, Colorado Springs, for plaintiff-appellee.

William J. McIlwain, Colorado Springs, for defendants-appellants.

Opinion by Judge CRISWELL.

Defendants, Paulette Lambrecht (Lambrecht) and Lambrecht & Sons, Inc. (the corporation), appeal from a declaratory judgment entered pursuant to the summary judgment motion of plaintiff, Hawkeye–Security Insurance Co., decreeing that a policy of insurance issued by plaintiff provided no coverage for the personal injuries received by Lambrecht. We reverse and remand for further proceedings.

Plaintiff issued the insurance policy to the corporation, all of the capital stock of which is owned by Lambrecht's husband. Both Lambrecht and her husband are employed by the corporation, and Lambrecht is also an officer and director thereof. Lambrecht received personal injuries while in a vehicle not owned by the corporation.

The policy in question was a general automobile policy. It provided liability, personal injury protection, medical payments, uninsured motorist, comprehensive, and collision coverages. For each of these coverages, a separate premium was charged.

Several automobiles owned by the corporation were described in an endorsement to this policy. In addition, the application required by plaintiff to be filed to obtain the policy's issuance listed Lambrecht and several others as drivers of the vehicles described.

According to the general declarations of this policy, the terms "you" or "your," as used in the policy, refer to "the person or organization shown as the named insured in ITEM ONE of the declaration." The name insured was, of course, the corporation.

There are, however, special provisions applying only to the uninsured motorist coverage. Those special provisions make "any *family member*" an additional "insured" for purposes of this coverage, and they define a "*family member*" to include "a person related to *you* by blood, marriage or adoption who is a resident of *your* household...." (original emphasis)

Under this coverage, plaintiff has agreed to pay:

all sums the *insured* is legally entitled to recover as damages from the owner or driver of an *uninsured motor vehicle*. The damages must result from *bodily injury* sustained by the insured caused by an accident. The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the *uninsured motor vehicle*. (original emphasis)

There is no requirement that either the insured or any family member be driving one of the vehicles designated in the policy at the time of the injury in order to recover under this uninsured motorist coverage.

If these insuring provisions were to be interpreted literally, there could *never* be any coverage afforded under the uninsured motorist provisions of this policy. This is so because plaintiff has agreed to pay only for damages resulting from "bodily inju-

ry," and only the corporation ("you") or a person who is "related" to the corporation by "blood, marriage or adoption," and is a resident of the corporation's "household," may recover such damages under these provisions. A corporation can itself never sustain "bodily injury," and since it also can have no relatives by "blood, marriage or adoption," no other person could ever be considered a "family member" so as to be entitled to coverage.

Hence, if read literally, these provisions would result in plaintiff receiving a monetary premium for such uninsured motorist coverage, while providing no consideration of any type for such premium. *See Dixon v. Gunter*, 636 S.W.2d 437 (Tenn.App.1982) (because insured corporation can have no family members, similar provision constitutes a patent ambiguity which must be treated as surplusage and is ineffective in providing any coverage).

However, at least two courts, when faced with a similar absurdity, have concluded that the insuring language must be interpreted to provide some meaningful coverage.

In *King v. Nationwide Insurance Co.*, 35 Ohio St.3d 208, 519 N.E.2d 1380 (1988), the court concluded that substantially similar language was required to be interpreted within the context of the particular purpose for which the coverage was obtained. When considered in such context, the term "family member" can reasonably be construed to include either all of the corporation's employees, certain key employees, or the drivers specifically designated in the application.

Likewise, in *Colokathis v. Hartford Accident & Indemnity Co.*, 199 Cal.App.3d 264, 244 Cal.Rptr. 779 (1988), the court concluded that to limit the term "family member" to the literal definition contained in the uninsured motorist policy issued to a corporation would result in a lack of any coverage. Such a result would violate public policy. Hence, it concluded that the term "family member" should be interpreted to include the individual who, in that case, was the corporation's principal officer and sole stockholder.

We agree with the conclusion that the relevant terms used in this policy cannot be interpreted literally without violating public policy. *See Barnett v. American Family Mutual Insurance Co.*, 843 P.2d 1302 (Colo.1993).

We also agree that the terms used must be considered within the context of the particular circumstances that surrounded the issuance of the policy and the purposes the insuring agreements were intended to fulfill. Thus, we do not determine the identity of all of the persons to whom the pertinent term might be extended in all cases. That determination must be guided by the relevant circumstances.

However, we conclude that Lambrecht must be considered to be a "family member" for purposes of the uninsured motorist coverage contained within the instant policy.

Here, the corporation was a small, closely-held, family business enterprise. As noted, Lambrecht was the wife of the corporation's sole stockholder; she was herself an active officer of the corporation; and she was one of the designated drivers listed on the application that was made to plaintiff. It is apparent, therefore, that the purpose to be fulfilled by providing uninsured motorist coverage in this policy was to protect the family members who were engaged in the corporation's business. Given these circumstances, we hold that Lambrecht was a "family member" of the corporation and, as such, was entitled to the benefits of the uninsured motorist coverage provided in plaintiff's policy.

The judgment of the trial court is reversed, and the cause is remanded to that court for further proceedings consistent with the views set forth in this opinion.

SMITH and ROTHENBERG, JJ., concur.