GENERAL INSURANCE COMPANY OF AMERICA, a Washington corporation, Petitioner–Appellee,

v.

Michael SMITH, Respondent–Appellant.

No. 92CA1221.

Colorado Court of Appeals, Div. IV.

Oct. 21, 1993.

As Modified on Denial of Rehearing Dec. 9, 1993.

Certiorari Denied May 23, 1994.

Hall & Evans, Alan Epstein, Richard A. Hanneman, Denver, for petitioner-appellee.

Lamm, Freeman, Butler & Freedman, Tom W. Lamm, Patrick D. Butler, Boulder, for respondent-appellant.

Opinion by Judge REED.

Michael Smith appeals the summary judgment entered in favor of General Insurance Company of America (insurer). We affirm.

Smith was a one-half owner, officer, and director of Flatirons Surveying, Inc. (Flatirons), a corporation. Flatirons was the named insured on an automobile liability policy issued by the insurer on a "business auto coverage form."

Smith was struck by a car and seriously injured while he was riding his bicycle for personal reasons. He settled his claim against the driver of the car, but that settlement did not fully cover his damages. He then sought underinsured motorist coverage under Flatirons' policy. The insurer denied coverage and filed this action for declaratory relief.

The insurer moved for summary judgment asserting that Smith was not a named insured under Flatirons' policy and therefore was not entitled to coverage. Smith asserted that either he was the named insured because of his ownership of and position with Flatirons, or the contract should be reformed based on mutual or unilateral mistake. The trial court determined that Smith was not the named insured or otherwise covered under the circumstances and granted judgment for the insurer.

## I.

Smith contends that the trial court erred in granting summary judgment. We disagree.

■ Analysis of an insurance contract begins with the intent of the parties as expressed in the plain language of the policy. The terms are to be construed as they would be understood by a person of ordinary intelligence. *Simon v. Shelter General Insurance Co.*, 842 P.2d 236 (Colo.1992). And, a court cannot rewrite an unambiguous policy or limit its effect by a strained construction.

> The identification of the named insured is of paramount interest to the insurance carrier. Consequently, in interpreting insurance policies, courts have held that the term 'named insured' has a restricted meaning and does not apply to any persons other than those named in the policy.

*Mid–Century Insurance Co. v. Liljestrand*, 620 P.2d 1064, 1067 (Colo.1980).

■ Here, the Flatirons policy included uninsured and underinsured motorist coverage as follows:

> We will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'un[der]insured motor vehicle.' The damages must result from 'bodily injury' sustained by the 'insured' caused by an 'accident.' The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the 'un[der]insured motor vehicle.'

The policy defined the "insured" for those purposes as:

1. You.
2. If you are an individual, any 'family member.'
3. Anyone else 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto.' The covered 'auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
4. Anyone for damages he or she is entitled to recover because of 'bodily injury' sustained by another 'insured.'

"You" was defined as the named insured.

Those terms, by their plain and ordinary meaning, do not provide underinsured motorist coverage for Smith's injuries incurred while riding a bicycle for personal reasons. In those circumstances, Smith was not an "insured." He was not the named insured corporation, and there is no ambiguity in that regard. *See Continental Insurance Co. v. Velez*, 134 A.D.2d 348, 520 N.Y.S.2d 824 (1987); *General Insurance Co. v. Icelandic Builders, Inc.*, 24 Wash.App. 656, 604 P.2d 966 (1979).

As Flatirons was not an individual, no "family member" coverage was provided here by the clear provisions of the policy. *Cf. Hawkeye–Security Insurance Co. v. Lambrecht & Sons, Inc.*, 852 P.2d 1317 (Colo.App. 1993). And, it was undisputed that Smith was not occupying a covered auto or temporary substitute.

Therefore, under the plain words of the policy, coverage was not provided for his injuries incurred while riding his bicycle.

■ Summary judgment for the insurer thus was appropriate as no issue of fact remained. *See* C.R.C.P. 56. Smith's expert's legal opinion concerning coverage did not raise a genuine issue of material fact. Interpretation of the policy was a question of law for the court. *See Rodriguez v. Safeco Insurance Co.*, 821 P.2d 849 (Colo.App.1991).

## II.

■ Although Smith relies on *Hawkeye–Security Insurance Co. v. Lambrecht & Sons, Inc.*, *supra*, we do not find that case dispositive here because of differences in policy language and coverage provided.

In *Hawkeye*, the named insured was a corporation, and a claim for uninsured motorist benefits was made for an injured officer and employee of the corporation who was also the wife of the sole shareholder. There, uninsured motorist coverage was provided for bodily injury suffered by the named insured and "any family member." A "family member" was defined as "a person related to [the named insured] by blood, marriage or adoption who is a resident of [the named insured's] household...."

A division of this court recognized in *Hawkeye* that the named insured corporation could not suffer "bodily injury" or have "family members," so that a literal interpretation of the policy language would result in no

uninsured motorist coverage being provided under any circumstances, even though a premium had been paid for such coverage. The court concluded that to fulfill the intended purpose of the insurance contract, uninsured motorist coverage must be provided for the injured person as a "family member" of the named insured corporation.

In contrast, here the policy was not ambiguous as to the coverage of "family members." The Flatirons' policy provided "family member" coverage only if the named insured was "an individual," a limitation not found in the *Hawkeye* policy. Further, even though Flatirons, the corporate named insured, could not suffer "bodily injury" itself for which uninsured/underinsured motorist benefits might be paid, its policy expressly provided uninsured/underinsured motorist coverage for "anyone else occupying a covered 'auto' or a temporary substitute." Therefore, Flatirons received some meaningful uninsured/underinsured motorist coverage in return for the premium it paid, and the purpose of the insurance contract was fulfilled.

### III.

 Smith also argues that the insurer knew he used Flatirons' vehicles for personal use and so the insurer had a duty either to notify him that Flatirons' policy did not provide underinsured motorist coverage to him in particular circumstances or to provide such coverage. Again, we disagree.

Contrary to Smith's contention, we do not find *Allstate Insurance Co. v. Parfrey*, 830 P.2d 905 (Colo.1992) as authority for his position. There the court addressed the insurer's statutory duty to notify insureds of the availability of uninsured motorist coverage when a policy is issued or modified. Here, however, Smith was not the insured. Further, when a previous, similar Flatirons' policy was originally issued, Smith owned a personal automobile and was covered by another insurer. He subsequently disposed of that vehicle and cancelled his own insurance, but did not specifically inform the Flatirons' insurer of those events. As a result, we conclude that no duty of notification has been demonstrated.

### IV.

Smith argues that he had a reasonable expectation of coverage. We disagree.

While conflicting terms are construed against the insurer, and the objectively reasonable expectations of applicants and intended beneficiaries will be honored, here we cannot conclude that Smith, not the named insured, could have an objectively reasonable expectation of coverage under the plain policy language. *Cf. State Farm Mutual Automobile Insurance Co. v. Nissen*, 851 P.2d 165 (Colo.1993).

Notwithstanding the legislative directive to "find coverage for the innocent insureds whenever possible," *State Farm Mutual Automobile Insurance Co. v. Nissen, supra*, at 169; *see* § 10–4–609(1), C.R.S. (1987 Repl. Vol. 4A), that does not compel coverage for individuals not insured. *See also Kral v. American Hardware Mutual Insurance Co.*, 784 P.2d 759 (Colo.1989).

The judgment is affirmed.

RULAND and SMITH,* JJ., concur.