ROSA MOLINA, IN HER CAPACITY AS GUARDIAN OF
MANUEL SALAZAR, AN INCAPACITATED PERSON, APPELLANT,
v. AMERICAN ALTERNATIVE INSURANCE CORPORATION,
A DELAWARE CORPORATION, APPELLEE.

699 N.W.2d 415

Filed July 22, 2005.   No. S-04-389.

Maren Lynn Chaloupka, of Chaloupka, Holyoke, Hofmeister, Snyder & Chaloupka, for appellant.

Michael J. Javoronok, of Michael J. Javoronok Law Firm, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.
On April 1, 2000, Manuel Salazar sustained serious personal injuries resulting from a motor vehicle accident caused by the negligence of a deputy sheriff employed by Scotts Bluff County. In *Salazar v. Scotts Bluff Cty.*, 266 Neb. 444, 665 N.W.2d 659 (2003), this court held that despite a determination that Salazar's damages attributable to the negligence of the deputy sheriff amounted to $4,484,018, the county's legal liability to Salazar was limited to $1 million under Neb. Rev. Stat. § 13-926(1) (Reissue 1997), which provides that "[t]he total amount recoverable under the Political Subdivisions Tort Claims Act for claims arising out of an occurrence after November 16, 1985, shall be limited to [o]ne million dollars for any person for any number of claims arising out of a single occurrence."

In this action, Rosa Molina, as Salazar's legal guardian, seeks recovery from American Alternative Insurance Corporation (AAIC) of that portion of Salazar's damages which exceeded the statutory cap. AAIC issued a commercial umbrella insurance policy to Scotts Bluff County which was in effect at the time of the accident. After the district court for Scotts Bluff County sustained a motion to dismiss filed under Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(6) (rev. 2003) and dismissed the action, Molina perfected this timely appeal, which we moved to our docket on our own motion pursuant to our authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995). We affirm the judgment of the district court based upon our determination that Salazar has no contractual right of recovery under the AAIC policy.

## BACKGROUND
A copy of the AAIC policy insuring Scotts Bluff County is attached to Molina's complaint and is thereby considered a part of the complaint pursuant to Neb. Ct. R. of Pldg. in Civ. Actions 10(c) (rev. 2003). The insuring agreement within the policy states in relevant part:

> We will pay, on behalf of the insured, sums in excess of the amount payable under the terms of any Underlying Insurance as stated in the Schedule of Underlying Insurance, that the insured becomes legally obligated to pay as damages because of injury or damage to which this insurance applies.

The policy declarations reflect a limit of insurance of $4 million for "Each Occurrence." The schedule of underlying insurance included in the policy lists automobile liability coverage of $700,000 for "Each Occurrence." The policy defines "occurrence" as "an accident, including continuous and repeated exposure to substantially the same general harmful conditions which results in bodily injury or property damage which is neither expected nor intended from the standpoint of the insured."

In Salazar's prior action, he contended that the county had waived the benefits of the Political Subdivisions Tort Claims Act by procuring insurance in excess of the statutory limits set forth in § 13-926(1). In rejecting this claim, we held that the maximum liability of a political subdivision was set by the act, "and not by

the limit of any liability policy purchased by the political subdivision." *Salazar v. Scotts Bluff Cty.*, 266 Neb. 444, 450, 665 N.W.2d 659, 665 (2003).

In this action, Molina alleges that the county and its underlying insurance carrier have paid the $1 million judgment affirmed in *Salazar*, but that AAIC had denied liability under its policy. She further alleges that Salazar is entitled to recover that portion of his damages attributable to the county which exceeded the statutory cap, namely $3,484,018, from AAIC under its commercial umbrella policy. Molina alleges that Salazar is a third-party beneficiary of the policy; that AAIC "falsely and fraudulently represented that it would provide excess coverage for the benefit of third parties such as SALAZAR who were injured as a result of negligence on the part of the insured"; and that AAIC has been "unjustly enriched by charging, accepting, and keeping premium [sic] paid by Scotts Bluff County for the purpose of obtaining excess insurance coverage for third parties catastrophically injured by negligence attributable to Scotts Bluff County, when in fact AAIC had no intention of paying such excess coverage."

In its order sustaining the county's motion to dismiss, the district court determined that the dispositive issue of law was the meaning of the phrase "legally obligated to pay" in the policy's insuring agreement. Noting the absence of case law recognizing "an insurer's duty of indemnification in excess and independent of the legal obligations of its underlying insured," the district court held that "[t]he liability of an indemnification insurer is dependent upon and limited to recovery against the insured." Applying this principle, the court concluded:

> AAIC's duty of indemnification is defined by its insured's "legal obligation to pay" which is synonymous with "required to pay". AAIC's insured, Scotts Bluff County, was "legally obligated" to pay one million dollars as damages to Salazar. In the complaint filed herein Molina acknowledges that that sum has been paid. Accordingly, the complaint does not state facts that would entitle Molina to relief, nor could it be amended to do so.

## ASSIGNMENTS OF ERROR

Molina assigns that the district court erred in (1) finding that she did not state a claim upon which relief could be granted and

(2) dismissing her complaint when a motion to compel discovery was pending and noticed for hearing.

## STANDARD OF REVIEW

■ A district court's grant of a motion to dismiss for failure to state a claim under rule 12(b)(6) is reviewed de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Anderson v. Wells Fargo Fin. Accept.*, 269 Neb. 595, 694 N.W.2d 625 (2005); *Weeder v. Central Comm. College*, 269 Neb. 114, 691 N.W.2d 508 (2005).

■ The interpretation of an insurance policy is a question of law, in connection with which an appellate court has an obligation to reach its own conclusions independently of the determination made by the trial court. *Chief Indus. v. Great Northern Ins. Co.*, 268 Neb. 450, 683 N.W.2d 374 (2004).

## ANALYSIS

■ An insurance policy is a contract. *McGinn v. State Farm Mut. Auto. Ins. Co.*, 268 Neb. 843, 689 N.W.2d 802 (2004); *Guerrier v. Mid-Century Ins. Co.*, 266 Neb. 150, 663 N.W.2d 131 (2003). As a general rule, there is no privity between an injured person and the tort-feasor's liability insurer. For this reason, direct actions against liability insurance carriers based on the negligence of the insured are not permitted in Nebraska. *Medical Protective Co. v. Schrein*, 255 Neb. 24, 582 N.W.2d 286 (1998); *West Neb. Gen. Hosp. v. Farmers Ins. Exch.*, 239 Neb. 281, 475 N.W.2d 901 (1991). Molina contends that this is not a direct action based upon the negligence of the insured, but, rather, a "direct action against an insurance carrier based on breach of its contract with its insured." Reply brief for appellant at 8. Molina does not challenge the district court's interpretation of the phrase "legally obligated to pay" as used in the insuring agreement. However, she contends that AAIC waived or is estopped from relying upon the policy language to limit its liability because it charged a premium for coverage in excess of the $1 million statutory cap and because it made a settlement offer in the prior action which exceeded the cap. Molina argues that she has standing to assert these contractual claims because Salazar is a third-party beneficiary of the AAIC policy.

This court has never held that an injured person is a third-party beneficiary of a liability insurance policy insuring the tort-feasor. Molina relies upon *Shafer v. Berger, Kahn, Shafton, Moss,* 107 Cal. App. 4th 54, 131 Cal. Rptr. 2d 777 (2003), to support her argument that Salazar is a third-party beneficiary of the AAIC policy. *Shafer* was an action brought by the judgment creditors of an insured against the liability insurer's attorney to recover for fraudulent misrepresentation of coverage and civil conspiracy. The action was brought in part pursuant to a California statute which required liability insurance policies issued in that state to include a provision stating that a party who obtains a judgment against an insured based upon bodily injury, death, or property damage may bring a direct action against the insurer on the policy. That statute has been construed by California courts to make " 'the judgment creditor a third party beneficiary of the insurance contract between the insurer and the insured.' " *Id.* at 68, 131 Cal. Rptr. 2d at 788, quoting *Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 553 P.2d 584, 132 Cal. Rptr. 424 (1976). Nebraska has no similar statute. Our much narrower direct action statute, Neb. Rev. Stat. § 44-508 (Reissue 2004), permits an injured party to bring a direct action against an automobile liability insurer in the event that the insured is insolvent or bankrupt. See *German Mut. Ins. Co. v. Federated Mut. Ins. Co.*, 8 Neb. App. 1062, 606 N.W.2d 856 (2000). That circumstance is not presented here, and we find no statutory basis for the claim that Salazar is a third-party beneficiary of the AAIC policy.

█ As a matter of general contract law, in order for those not named as parties to a contract to recover thereunder as third-party beneficiaries, it must appear by express stipulation or by reasonable intendment that the rights and interests of such unnamed parties were contemplated and that provision was being made for them. *Properties Inv. Group v. Applied Communications,* 242 Neb. 464, 495 N.W.2d 483 (1993); *Alder v. First Nat. Bank & Trust Co.,* 241 Neb. 873, 491 N.W.2d 686 (1992). We do not read the AAIC policy as creating any rights enforceable by Salazar or any other injured parties as third-party beneficiaries. As we stated in the prior case, the county was liable to Salazar, whether or not it purchased insurance, because its sovereign immunity was waived by the Political Subdivisions Tort Claims Act. *Salazar v.*

*Scotts Bluff Cty.*, 266 Neb. 444, 665 N.W.2d 659 (2003). We held that the same act limited the amount of the county's liability to Salazar, as an individual claimant, to $1 million. *Salazar v. Scotts Bluff Cty., supra.* See § 13-926(1). However, the act also provides that a political subdivision may have liability of up to "[f]ive million dollars for all claims arising out of a single occurrence." § 13-926(2). On its face, the AAIC policy was clearly intended to indemnify the county for its potential tort liability exceeding $1 million per occurrence, up to the $5 million statutory cap. The required underlying insurance of $1 million plus the excess coverage of $4 million covered the full amount of the county's potential liability arising from a single occurrence. This coverage was not illusory, as Molina claims, as it is quite possible that claims asserted by multiple claimants arising from a single occurrence could result in potential liability up to the $5 million cap set forth in § 13-926(2). The fact that AAIC provided liability insurance coverage for that portion of the county's potential liability for a single occurrence which exceeded its legal liability to a single claimant cannot be viewed as creating any rights on the part of injured persons such as Salazar to recover more from the insurer than its insured was legally obligated to pay.

In her brief, Molina argues that during the prior litigation, AAIC authorized a settlement offer which exceeded the statutory limit applicable to Salazar's claim by $50,000, and that although he rejected the offer, Salazar now has standing as a third-party beneficiary to claim that the offer constituted a waiver of AAIC's right to rely on the language of its insuring agreement, as construed by the district court. We note that the complaint makes no reference to such offer, and the exhibit to which Molina cites in her brief was not offered as evidence with respect to the motion to dismiss. We assume that the complaint could be amended to allege these facts, but conclude that so amended, it would still not state a cause of action. The settlement offer of $1,050,000 was made during litigation in which Salazar claimed that the limit of his recovery against the county was the amount of its insurance, not the statutory cap. This would not give Salazar standing as a third-party beneficiary to assert that AAIC waived its right to rely on its insuring agreement now that the prior action has been resolved against Salazar.

Molina's complaint admits that Salazar was paid $1 million by the county and its underlying insurer. Thus, the county's "legal obligation to pay" has been fully satisfied under § 13-926(1) and our holding in *Salazar v. Scotts Bluff Cty., supra.* Assuming the truth of all facts alleged in the complaint, considered in light of the insurance policy at issue, we conclude as a matter of law that AAIC could have no contractual liability to Salazar for that portion of his proven damages which exceeded $1 million. For this reason, we agree with the district court that the complaint did not state a cause of action and could not be amended to do so.

Molina also assigns error in the dismissal of her action while her motion to compel discovery was pending. AAIC argues that this issue was not preserved in the district court, in that Molina's counsel indicated a readiness to proceed at the hearing on the motion to dismiss. Because we conclude as a matter of law that AAIC has no contractual liability to Salazar under its policy, we do not reach this assignment of error.

## CONCLUSION

For the reasons discussed, we affirm the judgment of the district court.

AFFIRMED.