ROBERT S. HILLABRAND, APPELLANT, V. AMERICAN FAMILY
MUTUAL INSURANCE COMPANY, APPELLEE.
713 N.W.2d 494

Filed May 12, 2006.    No. S-05-049.

Jerome A. Merwald for appellant.

Jane D. Hansen for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK,
and MILLER-LERMAN, JJ., and HANNON, Judge, Retired.

HANNON, Judge, Retired.

## NATURE OF CASE

The plaintiff was seriously injured in an automobile collision while driving a personal vehicle in the course of the business of a corporation of which he was an owner, officer, director, and employee. The other driver was at fault, and that driver's insurance company paid the $25,000 limits of its liability policy. The company insuring the plaintiff's personal vehicle paid the limits of the $25,000 of underinsured motorist (UIM) coverage on that vehicle. The plaintiff's corporation had several vehicles which were insured by the defendant for UIM coverage with limits of $100,000, and the plaintiff sued the defendant to recover on these policies for the damages he suffered in the collision, praying for judgment of $100,000. The defendant denied coverage.

Both parties filed motions for summary judgment to raise the issue of whether the UIM coverage provisions in the insurance contracts issued by the defendant covered injuries suffered by the plaintiff while he was driving a personal vehicle on company business. The trial court concluded that the defendant's policy did not provide UIM coverage for the plaintiff under the circumstances of this collision, overruled the plaintiff's motion, sustained the defendant's motion, and dismissed the plaintiff's petition. We find there is a split among the jurisdictions on this issue, but we conclude that the majority and better view is that the defendant's policy provided no coverage. Therefore, we affirm.

## FACTS

The plaintiff, Robert S. Hillabrand, was an owner, officer, director, and employee of Hillabrand, Inc., doing business as Parker Heating & Cooling (Parker Heating). At the time of the accident, Robert was driving a vehicle that was owned by him and his wife, and he was making a service call to a customer's home to repair a furnace. The collision occurred when another vehicle crossed the centerline and struck Robert's van head on. As a result of the accident, Robert sustained severe and permanent injuries.

Each of Parker Heating's seven motor vehicles was covered by a policy issued by American Family Mutual Insurance Company (American Family) and provided for UIM coverage up to a limit of $100,000 for injury to any one person and to a limit of

$300,000 per accident. The seven policies were identical, and we will therefore refer to the policies as if there was one policy. The parties do not dispute that Robert suffered sufficient damage to be entitled to recovery if the UIM coverage provisions of the policy covered the accident in which he was injured.

## ASSIGNMENTS OF ERROR

In summary, Robert assigns as error that the trial court erred in determining that he was not covered under American Family's insurance policy, in sustaining American Family's motion for summary judgment, and in denying his motion for summary judgment.

## STANDARD OF REVIEW

■ Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Andres v. McNeil Co.*, 270 Neb. 733, 707 N.W.2d 777 (2005).

## ANALYSIS

The issue in this case is whether the insurance policy issued by American Family insuring the motor vehicles owned by Parker Heating provided UIM coverage for Robert, who was an owner, officer, director, and employee of that closely held corporation, when he was injured in the course of the corporation's business while driving a vehicle he owned personally.

■ We begin with the familiar proposition that an insurance policy is a contract. See *Molina v. American Alternative Ins. Corp.*, 270 Neb. 218, 699 N.W.2d 415 (2005). The interpretation of an insurance policy is a question of law, in connection with which an appellate court has an obligation to reach its own conclusions independently of the determination made by the lower court. *Allied Mut. Ins. Co. v. City of Lincoln*, 269 Neb. 631, 694 N.W.2d 832 (2005).

The UIM coverage endorsement of the policy at issue provided in significant part:

> **We** will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle**.

The **bodily injury** must be sustained by an **insured person** and must be caused by accident and arise out of the **use** of the **underinsured motor vehicle**.

(Quoted language that is in bold-face type throughout this opinion reflects the appearance of the original insurance policy.)

The endorsement defined the term "insured person" as follows:

1. **Insured person** means:

a. **You** or a **relative**.

b. Anyone else **occupying your insured car**.

c. Anyone, other than a person or organization claiming by right of assignment or subrogation, entitled to recover damages due to **bodily injury** to **you**, a **relative** or another occupant of **your insured car**.

The general definitions section of the policy stated: "**You** and **your** mean the policyholder named in the declarations." The declaration page identified the policyholder and named insured as "Parker Heating & Cooling." The policy defined a relative as "a person living in **your** household, related to **you** by blood, marriage or adoption." The UIM coverage endorsement also provided that UIM coverage did not apply for bodily injury to a person "[w]hile **occupying**, or when struck by, a motor vehicle that is not insured under this policy, if it is owned by **you** or any resident of **your** household."

■■■ Robert asserts that he was an insured under the UIM coverage endorsement because the policy is ambiguous. Under Nebraska law, a court interpreting a contract, such as an insurance policy, must first determine, as a matter of law, whether the contract is ambiguous. *Guerrier v. Mid-Century Ins. Co.*, 266 Neb. 150, 663 N.W.2d 131 (2003). A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *Gary's Implement v. Bridgeport Tractor Parts*, 270 Neb. 286, 702 N.W.2d 355 (2005). When the terms of the contract are clear, a court may not resort to rules of construction, and the terms are to be accorded their plain and ordinary meaning as the ordinary or reasonable person would understand them. *Guerrier, supra.*

Robert argues that the section of the UIM coverage endorsement defining an insured person as "[y]**ou** or a **relative**" is

ambiguous. He admits that the definitions of these terms are not ambiguous on the surface, but he argues that they become ambiguous when applied to Parker Heating. Robert asserts that the UIM coverage endorsement applied to "**bodily injury** which an **insured person** is legally entitled to recover" and that, of course, Parker Heating cannot suffer bodily injury. He argues, "Hence, if these provisions were to be interpreted literally, there could never be any coverage afforded under the underinsured motorist provisions of this policy." Brief for appellant at 17. In view of the fact that Robert and other Parker Heating employees would clearly be covered when driving the vehicles named in the policy in the course of Parker Heating's business, this assertion is simply incorrect. We realize that under the policy definition of an insured person, no one individual would be covered, but it cannot be said that the policy did not afford any UIM coverage.

Because the policy was issued to a corporation, the policy's terminology which applies only to individuals seems likely to lead to unnecessary litigation. The definitions in the policy, however, leave no doubt as to the meaning of these terms, and the fact that the named insured is a corporation does not change the meaning of these terms. We recognize that some language in the definitions may be surplus when the named insured is a corporation.

The volume of litigation we have found nationally convinces this court that the use of such terminology by insurance companies is problematic. A few courts have adopted a variation of Robert's argument. In support of his position, Robert relies on *Hawkeye-Sec. Ins. v. Lambrecht & Sons*, 852 P.2d 1317 (Colo. App. 1993), and *Scott-Pontzer v. Liberty Mut. Fire*, 85 Ohio St. 3d 660, 710 N.E.2d 1116 (1999).

In *Hawkeye-Sec. Ins.*, the policy at issue named a corporation as the insured. The spouse of the corporation's owner was injured while in a vehicle not owned by the corporation. The policy provided coverage for only the named insured or a family member related to the named insured by blood, marriage, or adoption. Unlike the situation in the case at bar, the opinion in *Hawkeye-Sec. Ins.* did not mention whether the policy provided any coverage for persons injured while in the insured vehicle. The court found coverage because without such, under the terms as stated

in the opinion, the insurance company would have no liability under a provision for which it charged a separate premium.

In *General Ins. Co. of America v. Smith*, 874 P.2d 412 (Colo. App. 1993), another division of the same court refused to follow *Hawkeye-Sec. Ins.* because the policy in *General Ins. Co. of America* provided family member coverage only if the named insured was an individual. Under the policy in *General Ins. Co. of America*, the court also observed, as we observe in this case, that while the corporation could not suffer bodily injury, there would still be liability under the policy because UIM coverage was extended to anyone occupying the insured vehicle. Hence, the *General Ins. Co. of America* court found that the policy provided coverage to the corporation notwithstanding that "family members" of the corporation were not covered.

In *Scott-Pontzer*, the Ohio Supreme Court found that the language in a policy issued to a corporation was subject to various interpretations and that the policy covered an employee who was killed while driving a vehicle owned by his wife. Although the employee was not acting within the scope of his employment at the time of the accident, his employer's commercial automobile liability insurance policy contained coverage for UIM liability. The UIM coverage endorsement defined the term "insured" as including "[y]ou," "any family member," and "[a]nyone else occupying a covered auto." *Id.* at 663, 710 N.E.2d at 1118. The court found it reasonable to conclude that "you" included employees because "naming the corporation as the insured is meaningless unless the coverage extends to some person or persons—including to the corporation's employees." *Id.* at 664, 710 N.E.2d at 1119. The Ohio court also found that the policy did not contain language restricting coverage to employees acting within the scope of employment, so the employee was entitled to UIM coverage even though he was not within the scope of his employment at the time of the accident.

We are not persuaded by the logic of *Scott-Pontzer*, and a study of subsequent cases demonstrates its errors. *Scott-Pontzer* has not specifically been overruled by the Ohio Supreme Court, but in *Westfield Ins. Co. v. Galatis*, 100 Ohio St. 3d 216, 217, 797 N.E.2d 1256, 1260 (2003), the court limited its application to "uninsured and underinsured motorist coverage issued to a

corporation to employees only while they are acting within the course and scope of their employment, unless otherwise specifically agreed."

The aftermath of *Scott-Pontzer v. Liberty Mut. Fire*, 85 Ohio St. 3d 660, 710 N.E.2d 1116 (1999), was recounted by the Ohio court in *Westfield Ins. Co., supra*, in which the court noted that other courts had labeled *Scott-Pontzer* as follows: an anomaly for departing from the tenet that the intent of the parties controls the interpretation of a contract (*Seaco Ins. Co. v. Davis-Irish*, 300 F.3d 84 (1st Cir. 2002)); "beguiling" and with "distracting internal inconsistencies" (*Szabo v. CGU Intern. Ins., PLC*, 227 F. Supp. 2d 820, 833-34 (S.D. Ohio 2002)); a "mystery" and a "preposterous" conclusion (*Gibson v. New Hampshire Ins. Co.*, 178 F. Supp. 2d 921, 922-23 nn.2 & 3 (S.D. Ohio 2001)); and a "distortion" of the law (*Lawler v. Fireman's Fund Ins. Co.*, 163 F. Supp. 2d 841, 843 (N.D. Ohio 2001)). The *Seaco Ins. Co.* court noted that *Scott-Pontzer* was a 4-to-3 decision and that the Ohio Legislature "lost little time in superseding it due to its destabilizing effect on the automobile insurance market. *See* Ohio Rev.Code Ann. § 3937.18 (Anderson 2002)." 300 F.3d at 87.

The *Westfield Ins. Co.* court also noted that the *Scott-Pontzer* rationale "stands in stark contrast with decisions of the vast majority of states that have considered similar issues." 100 Ohio St. 3d at 221, 797 N.E.2d at 1263. Therefore, the Ohio court limited the holding of *Scott-Pontzer* to exclude UIM coverage for employees who were injured outside the scope of their employment.

In the case at bar, since Robert was within the scope of his employment, *Scott-Pontzer, supra*, and *Hawkeye-Sec. Ins. v. Lambrecht & Sons*, 852 P.2d 1317 (Colo. App. 1993), would support his position. Courts in many states have considered whether policies issued to small closely held corporations grant UIM coverage to the individual owners of the corporations, the owners' family members, or employees of the corporation. The fact patterns vary: Some cases involve situations in which injuries were sustained while in the course of the corporation's business, while other cases arose from injuries sustained while on family business or while on personal business and driving a vehicle not owned by the corporation. Most courts have held there is no UIM coverage in these and related situations.

The Supreme Court of Oklahoma reviewed decisions from a number of other jurisdictions in considering whether the use of the term "you" to refer to a corporation as a named insured creates an ambiguity. See *American Economy Ins. Co. v. Bogdahn*, 89 P.3d 1051 (Okla. 2004). The court stated:

> Next, the [defendants] argue that we must find the policy ambiguous because this issue has been litigated throughout the United States with some jurisdictions finding an ambiguity and some finding no ambiguity. We reject the notion that because there is a split of authority we must find an ambiguity. The vast majority of jurisdictions conclude as a matter of law that similar policy language is not ambiguous: Arizona, Colorado, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Missouri, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, and Washington. Only a small handful of jurisdictions find the language ambiguous and allow coverage: Connecticut, Mississippi, Montana, New Jersey, Ohio, and Vermont.
>
> We agree with the vast majority of jurisdictions and reject the notion that the use of the term "family member" in a commercial automobile insurance policy renders the policy ambiguous.

*Id.* at 1056-57. (We note that the Oklahoma court listed Ohio as a jurisdiction in both categories above. We believe the Oklahoma court was referring to *Westfield Ins. Co. v. Galatis*, 100 Ohio St. 3d 216, 797 N.E.2d 1256 (2003), as the Ohio case that concluded the language was not ambiguous, and to *Scott-Pontzer v. Liberty Mut. Fire*, 85 Ohio St. 3d 660, 710 N.E.2d 1116 (1999), as the Ohio case that concluded the language was ambiguous.)

We have studied the following cases, and those jurisdictions all agree, for various reasons, that the view taken by the Oklahoma court is correct: *Guarantee Ins. Co. v. Anderson*, 585 F. Supp. 408 (E.D. Pa. 1984); *Nicks v. Hartford Insurance Group*, 291 So. 2d 673 (Fla. App. 1974); *Hogan v. Mayor &c. of Savannah*, 171 Ga. App. 671, 320 S.E.2d 555 (1984); *Economy Preferred v. Jersey Cty. Const.*, 246 Ill. App. 3d 387, 615 N.E.2d 1290, 186 Ill. Dec. 233 (1993); *Peterson v. Universal Fire and Cas. Ins.*, 572 N.E.2d

1309 (Ind. App. 1991); *Bryant v. Protective Cas. Ins. Co.*, 554 So. 2d 177 (La. App. 1989); *Andrade v. Aetna Life & Cas. Co.*, 35 Mass. App. 175, 617 N.E.2d 1015 (1993); *Kaysen v. Federal Ins. Co.*, 268 N.W.2d 920 (Minn. 1978); *Cutter v. Maine Bonding & Cas. Co.*, 133 N.H. 569, 579 A.2d 804 (1990); *Buckner v MVAIC*, 66 N.Y.2d 211, 486 N.E.2d 810, 495 N.Y.S.2d 952 (1985); *Sproles v. Greene*, 329 N.C. 603, 407 S.E.2d 497 (1991); *Meyer v. American Economy Ins. Co.*, 103 Or. App. 160, 796 P.2d 1223 (1990); *Dixon v. Gunter*, 636 S.W.2d 437 (Tenn. App. 1982); *General Ins. v. Icelandic Builders*, 24 Wash. App. 656, 604 P.2d 966 (1979).

The UIM coverage endorsement in the policy in the case at hand defines an insured person as "[y]ou or a **relative**." The policy also clearly defines the term "you" to mean "the policyholder named in the declarations." The endorsement expands the coverage to include a "**relative**." Since a corporation cannot have relatives, that term adds no coverage and it is clearly a surplus term. We fail to see how this term would mislead an insured.

This court has held that the language of an insurance policy should be read to avoid ambiguities, if possible, and the language should not be tortured to create them. *Poulton v. State Farm Fire & Cas. Cos.*, 267 Neb. 569, 675 N.W.2d 665 (2004). A court shall seek to ascertain the intention of the parties from the plain meaning of the policy. *Boutilier v. Lincoln Benefit Life Ins. Co.*, 268 Neb. 233, 681 N.W.2d 746 (2004).

An insurance policy is a contract between an insurance company and an insured, and as such, the insurance company has the right to limit its liability by including limitations in the policy definitions. See *Cornhusker Cas. Co. v. Farmers Mut. Ins. Co.*, 268 Neb. 168, 680 N.W.2d 595 (2004). If the definitions in the policy are clearly stated and unambiguous, the insurance company is entitled to have such terms enforced. See *id.* We conclude that an automobile insurance policy issued to a corporation is not rendered ambiguous merely because the body of the policy refers to the corporation using the personal pronoun "you" when the word "you" is clearly defined to be the named insured and the corporation is clearly designated as the named insured.

In addition, Robert argues that he should not be excluded from coverage under the American Family policy because its

UIM exclusion is more restrictive than allowed by state law. As we understand Robert's argument, he believes that use of the phrase "under this policy" in the American Family policy makes it more restrictive than Neb. Rev. Stat. § 44-6413 (Reissue 2004) and that, therefore, the exclusion in the UIM coverage endorsement is void.

This exclusion states that "coverage does not apply for **bodily injury** to a person: 1. [w]hile **occupying**, or when struck by, a motor vehicle that is not insured *under this policy*, if it is owned by **you** or any resident of **your** household." (Emphasis supplied.) Robert argues that the phrase "under this policy" makes the UIM coverage more restrictive than allowed by § 44-6413, which states in relevant part:

> (1) The uninsured and underinsured motorist coverages provided in the Uninsured and Underinsured Motorist Insurance Coverage Act shall not apply to:
>
> . . . .
>
> (b) Bodily injury, sickness, disease, or death of an insured while occupying a motor vehicle owned by, but not insured by, the named insured or a spouse or relative residing with the named insured.

The American Family policy covered the vehicles owned by Parker Heating, not a vehicle owned by Robert. Robert was not in a vehicle owned by Parker Heating, the named insured, when he was injured. Earlier in this opinion, we rejected Robert's argument that he could be deemed a named insured under the Parker Heating policy. If this court had somehow found that Robert could be a named insured under the Parker Heating policy, perhaps the issue of whether the policy was more restrictive than the statute could have arisen, but because we have held he was not a named insured, the issue is irrelevant. Robert was not in a vehicle owned by Parker Heating, or a relative of Parker Heating, when he was injured.

## CONCLUSION

Robert has not shown that any genuine issue of material fact exists concerning whether he is entitled to coverage under the insurance policy issued to the corporation, Parker Heating. The district court's order was correct, and summary judgment was

properly granted to American Family. The judgment of the district court is affirmed.

AFFIRMED.

WRIGHT, J., not participating.