MARK J. PARKERT, APPELLANT, V.
ERIC H. LINDQUIST, APPELLEE.

693 N.W.2d 529

Filed February 25, 2005.   No. S-04-089.

Monte Taylor and Paul E. Peters, of Taylor, Peters & Drews, for appellant.

Steven J. Riekes and Harold M. Zabin, of Marks, Clare & Richards, L.L.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Mark J. Parkert appeals the district court's order dismissing his complaint seeking damages for conversion against the appellee, Eric H. Lindquist. Parkert, a trustor under a trust deed, alleged that he was coerced into paying an attorney fee to Lindquist because of a provision in the trust deed and that the provision violated public policy. We determine that in a nonjudicial setting, a contract provision requiring payment of a reasonable attorney fee does not violate public policy. Accordingly, we affirm.

## BACKGROUND

Parkert's complaint alleged the following facts: Lindquist is an attorney who represents a number of mortgage lenders in pursuing remedies against delinquent borrowers. Parkert formerly owned a residence in Omaha that was financed by a loan from Wells Fargo Home Mortgage, Inc. (Wells Fargo), and was secured by a deed of trust. In May 2003, he entered into an agreement to sell his home, and before closing, he became delinquent in his payments on the mortgage. One day before closing, a notice of default and an instrument appointing Lindquist the successor trustee under the deed of trust was filed with the register of deeds. At closing, Lindquist, acting as the attorney for Wells Fargo, faxed a payoff letter to the escrow agent stating the payoff amount of the loan to Wells Fargo and directing an additional payment to Lindquist of $775.

After Parkert consulted with an attorney, he refused to pay the fee and made further inquiries. The closing proceeded in Parkert's absence, and he was sent a check for the net proceeds of the sale after deducting settlement charges, including the $775 attorney

fee. In a letter, Lindquist responded to Parkert's inquiries, citing language in the trust deed. Lindquist also sent his itemized invoice to Wells Fargo for $575.67 and a check for $199.33 which represented the difference between the amount withheld at closing and the amount Lindquist charged.

Parkert alleged that Lindquist, by taking his fee from the closing costs when he did the work for Wells Fargo, converted Parkert's money. Parkert also alleged a violation of the Consumer Protection Act and alleged that he was bringing the action as a class action. He sought restitution for himself and members of the class, prejudgment interest, and fees.

Lindquist moved to dismiss under Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(6) (rev. 2003). Lindquist alleged that Parkert defaulted and that the loan had been accelerated. He alleged that the fees were charged by Eric H. Lindquist, P.C., L.L.O., to Wells Fargo for services performed to pursue its remedies when Parkert defaulted on the loan. He further alleged that the trust deed with Wells Fargo provided that if payments were in default and the loan accelerated, Parkert would be obligated to pay reasonable attorney fees. A copy of the deed of trust with the language regarding attorney fees was attached to the motion.

The district court sustained the rule 12(b)(6) motion and dismissed the complaint. Parkert appealed, and we granted his motion to bypass.

## ASSIGNMENT OF ERROR
Parkert assigns, rephrased, that the district court erred by dismissing his complaint.

## STANDARD OF REVIEW
A district court's grant of a motion to dismiss is reviewed de novo. *Spear T Ranch v. Knaub, ante* p. 177, 691 N.W.2d 116 (2005). Complaints should be liberally construed in the plaintiff's favor and should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *Id.*

As a practical matter, dismissal under rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes

allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.*

## ANALYSIS

Parkert contends that a provision in the trust deed requiring the payment of a lender's attorney fees as part of the costs of collection is against public policy. Relying on cases where we disallowed provisions requiring fees to be paid to the opposing party in litigation, he argues that the rule should also extend to nonjudicial proceedings. We disagree.

We have stated that the general rule in this jurisdiction is that attorney fees may be recovered only when provided by statute, or where the uniform course of procedure has been to allow recovery. *Quinn v. Godfather's Investments*, 217 Neb. 441, 348 N.W.2d 893 (1984). We have additionally held that a contract provision requiring that in the event of litigation the prevailing party will be entitled to attorney fees is contrary to public policy and void. *Id.* See *First Nat. Bank v. Schroeder*, 218 Neb. 397, 355 N.W.2d 780 (1984). This rule is derived from what is often referred to as the "American rule." The American rule focuses on contractual provisions allowing attorney fees in judicial proceedings. *Holt County Co-op Assn. v. Corkle's, Inc.*, 214 Neb. 762, 336 N.W.2d 312 (1983).

Although we have applied the American rule to invalidate contracts providing for fees to prevailing parties in judicial proceedings, we have never applied the rule to nonjudicial proceedings.

In determining whether to apply the American rule to nonjudicial proceedings, we recognize a strong policy favoring the parties' freedom to contract. See *OB-GYN v. Blue Cross*, 219 Neb. 199, 361 N.W.2d 550 (1985). " 'It is not the province of courts to emasculate the liberty of contract by enabling parties to escape their contractual obligations on the pretext of public policy unless the preservation of the public welfare imperatively so demands.' " *Occidental Sav. & Loan Assn. v. Venco Partnership*, 206 Neb. 469, 480, 293 N.W.2d 843, 849 (1980). Here no such demand exists. Thus, in the light of a strong policy allowing parties the freedom to contract, we decline to extend the rule to nonjudicial proceedings. Accordingly, we hold that in a nonjudicial proceeding, a contract provision requiring payment of a reasonable attorney fee is not against public policy.

Here, Parkert did not allege that the fee provision is ambiguous, nor has he alleged that the fee was unreasonable. Because the fee was not collected in a judicial proceeding, the contract provision was valid. Thus, Parkert could not state a claim for conversion or violation of the Consumer Protection Act and the district court correctly dismissed. Accordingly, we affirm.

AFFIRMED.