MAURICE FOKKEN, APPELLEE, V. JOHN P. STEICHEN, APPELLEE, AND COREGIS INSURANCE COMPANY, INC., GARNISHEE-APPELLANT.

DEANNA WRIGHT MILLER, APPELLEE, V. JOHN P. STEICHEN, APPELLEE, AND COREGIS INSURANCE COMPANY, INC., GARNISHEE-APPELLANT.

744 N.W.2d 34

Filed January 4, 2008. Nos. S-06-614, S-06-615.

Gerald L. Friedrichsen and Joshua W. Weir, of Fitzgerald, Schorr, Barmettler & Brennan, P.C., L.L.O., and Jeffrey A. Goldwater, Michelle M. Bracke, and Robert A. Chaney, of Bollinger, Ruberry & Garvey, for garnishee-appellant.

James E. Harris, Britany S. Shotkoski, and Michaela Skogerboe, of Harris Kuhn Law Firm, L.L.P., for appellees.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

Judgment was entered against John P. Steichen and in favor of Maurice Fokken and Deanna Wright Miller (collectively the appellees) in separate legal malpractice actions brought against Steichen. The appellees then instituted separate garnishment proceedings against Coregis Insurance Company, Inc. (Coregis). Coregis had issued Steichen's law firm a lawyers professional liability insurance policy (the Policy) which the appellees allege provides coverage for their claims against Steichen. After consolidating the appellees' cases, the district court for Douglas County entered summary judgment in favor of the appellees and against Coregis. In an amended final order, the court awarded postjudgment interest in favor of the appellees from the date judgment was entered against Steichen in the appellees' separate legal malpractice claims. In this appeal, Coregis contends that it is not obligated to indemnify Steichen. Coregis further contends that postjudgment interest should not have been entered as of the date judgments were entered against Steichen and that additional attorney fees should not have been awarded to the appellees.

## BACKGROUND

### (1) DEANNA WRIGHT MILLER

In June 1989, Miller was involved in a motor vehicle accident. Miller was ultimately represented by Steichen in litigation

related to that accident. In January 1999, Miller filed a professional liability action against Steichen. Miller alleged that without consulting her and without her authority, Steichen accepted a settlement offer in the amount of $30,000 which was not adequate to compensate her for her injuries and would have been rejected by her. Miller alleged that Steichen stipulated to the dismissal with prejudice of her lawsuit and that because the statute of limitations had run on her claim, she was barred from any further action. Miller further alleged that without her authority, Steichen signed Miller's name on a release agreement and on the back of a settlement check, endorsing that check. Miller alleged that she had not received any proceeds from the settlement.

The district court entered a judgment in favor of Miller in the amount of $325,000, which the court concluded was the fair and reasonable settlement value or jury verdict of Miller's claim had it been prosecuted in the absence of professional negligence. The court explained that Miller alleged that the following acts by Steichen constituted legal malpractice: (1) his failure to communicate to Miller all settlement offers, (2) his acceptance of a settlement offer on Miller's behalf without Miller's approval or consent, (3) his placement of Miller's signature on a release and his endorsement of the settlement check without Miller's consent, (4) his allowance of the dismissal of Miller's lawsuit with prejudice after the statute of limitations had expired, and (5) his breach of professional and fiduciary duties to act in the best interests of his client. After judgment was entered in Miller's favor, Miller instituted garnishment proceedings against Coregis, which issued a professional liability policy that is alleged to provide coverage for Miller's legal malpractice claim against Steichen. Miller served a summons and order of garnishment and interrogatories in aid of execution on Coregis. The summons was sent to "Sally Ann Hawk," who was listed in Coregis' 2000 annual statements as the chairperson, president, and chief executive officer. Coregis did not respond, and following a hearing on the matter, the district court entered a default judgment against Coregis.

Thereafter, Coregis filed a special appearance, arguing that it did not receive proper and sufficient service of summons, the

affidavit and praecipe for summons were improperly issued, and there was no merit to Miller's contention that Coregis was indebted to Steichen under the Policy. The district court overruled Coregis' special appearance. Coregis then filed a motion to vacate the default judgment, which was also overruled by the district court. In *Miller v. Steichen*,[1] this court reversed the judgment of the district court and remanded the cause with directions to the district court to vacate the default judgment and give Coregis reasonable time in which to file an appropriate responsive pleading.

### (2) MAURICE FOKKEN

Fokken was involved in a motor vehicle accident in December 1991. Fokken ultimately retained Steichen to represent him in the litigation pertaining to that accident. In December 1997, Fokken filed a professional liability action against Steichen. Fokken alleged that without Fokken's authority, Steichen accepted a settlement offer in the amount of $8,627.57 and stipulated to the dismissal with prejudice of Fokken's lawsuit after the statute of limitations had run on Fokken's claim. Fokken further alleged that without Fokken's knowledge or consent, Steichen signed Fokken's name and the name of his ex-wife on a release agreement and on the back of a settlement check, endorsing that check, and that Fokken had not received the proceeds of the settlement check.

The district court granted summary judgment in favor of Fokken on the issue of liability and on the issue of damages against Steichen. The court entered judgment against Steichen in the amount of $50,000. That amount included $40,000, which the court concluded to be the fair and reasonable settlement value or jury verdict of Fokken's claim had it been prosecuted in the absence of professional malpractice, and $10,000 in attorney fees. The court explained that Fokken alleged that the following acts by Steichen constituted legal malpractice: (1) his failure to communicate with Fokken all settlement offers, (2) his acceptance of a settlement offer on Fokken's behalf without approval or consent by Fokken, (3) his allowance of

---

[1] *Miller v. Steichen*, 268 Neb. 328, 682 N.W.2d 702 (2004).

Fokken's lawsuit to be dismissed with prejudice after the statute of limitations had expired, and (4) his breach of his professional fiduciary duty to act in Fokken's best interest. The court entered judgment in favor of Fokken in the amount of $50,000. After judgment was entered in Fokken's favor, Fokken instituted garnishment proceedings against Coregis. Like Miller, Fokken alleged that the Policy issued by Coregis provided coverage for Fokken's claims against Steichen.

### (3) CONSOLIDATION OF FOKKEN'S AND MILLER'S CASES

The district court consolidated the appellees' cases against Coregis. Thereafter, Coregis filed an amended answer to garnishment interrogatories alleging the Policy did not provide coverage for the claims made by the appellees. The appellees then filed an amended application to determine Coregis' liability.

All parties moved the district court for summary judgment. In its motion, Coregis asserted that it had no obligation to indemnify Steichen because Steichen executed a policyholder release in favor of Coregis. Coregis asserted before the district court that in exchange for Coregis' agreement to relinquish its rights to defend, investigate, and negotiate with regard to Fokken's claim under the Policy, Steichen executed a policyholder release wherein Steichen and his law firm released Coregis from any and all liability based upon, arising out of, or relating in any manner to Fokken's lawsuit against Steichen. Coregis further asserted that it had no obligation to indemnify Steichen because exclusions A and L of the Policy precluded coverage for the judgments obtained by the appellees. Exclusion A of the Policy provides that the Policy does not apply to "any CLAIM that results in a final adjudication against any INSURED that an INSURED has committed any criminal, dishonest, fraudulent or malicious acts, errors, omissions or PERSONAL INJURIES." Exclusion L of the Policy provides that the Policy does not apply to "any CLAIM arising out of conversion, misappropriation or improper commingling of funds."

The district court denied Coregis' motion for summary judgment, but granted the appellees' motion for summary judgment. The court found that exclusion A does not preclude coverage

because the summary judgments entered against Steichen did not adjudge him to have committed criminal, dishonest, or fraudulent conduct. The court also found that Steichen's disbarment by this court was not dispositive. The district court explained that exclusion A applies to claims and that the definitions section of the Policy "provides a separate definition for 'disciplinary proceeding', which does not include any mention of the word 'claim.'" The court also found that exclusion L does not preclude coverage. The court explained that Coregis incorrectly argued the genesis of the appellees' malpractice claims against Steichen because he wrongly kept, or converted, the proceeds from settlements he failed to disclose to the appellees. The court instead found that the appellees' malpractice claims stemmed from Steichen's failing to communicate settlement offers and Steichen's agreeing to the dismissal of the appellees' claims after the statute of limitations had run without the appellees' knowledge. The court further found that the policyholder release is void as against public policy and unenforceable. The court stated that Coregis and Steichen contracted for legal malpractice insurance and that upon receipt of notice of Fokken's legal malpractice claim against Steichen, Coregis had a duty, not a right, to defend Steichen. The district court further stated that permitting Steichen to release Coregis after a claim had been filed and received by both parties is against public policy and unlawfully deprives Fokken of the ability to pursue financial redress against Steichen. The district court entered judgment in favor of Fokken and against Coregis in the amount of $50,058. The court entered judgment in favor of Miller and against Coregis in the amount of $325,058.

The appellees filed a motion requesting the district court to enter a final order taxing costs, including a reasonable attorney fee, and computing the amount of interest owing on the underlying original judgments entered against Steichen, in order to determine the specific dollar amount of judgment against Coregis. On April 12, 2006, the district court entered an order in which it determined in part that the appellees are entitled to postjudgment interest from the date of the district court's January 25 judgment. The appellees filed a motion requesting the court to reconsider its calculation of the court's postjudgment

interest. In an amended final order, the district court determined that the appellees are entitled to postjudgment interest from the dates of their original judgments against Steichen. For Fokken, that date is October 24, 2001, and for Miller, that date is June 28, 2001. The court awarded Fokken interest in the amount of $12,269.24 and Miller interest in the amount of $85,427.12. In addition, the court corrected the judgment amount entered in Miller's favor to $360,058. Coregis now appeals.

## ASSIGNMENTS OF ERROR

Coregis asserts the following assignments of error on appeal: The district court erred in (1) denying Coregis' motion for summary judgment and in granting the appellees' motion for summary judgment; (2) failing to find that exclusion L of the Policy precludes coverage for the judgments entered in favor of the appellees and against Steichen; (3) failing to find that exclusion A of the Policy precludes coverage for the judgments entered in favor of the appellees and against Steichen; (4) failing to enter an adjudication in connection with exclusion A that Steichen committed dishonest and fraudulent acts in the course of his representation of the appellees; (5) failing to find that the release signed by Steichen precludes coverage under the Policy for the judgment entered in favor of Fokken and against Steichen; (6) finding that the release signed by Steichen is unenforceable on the basis that it violates Nebraska public policy; (7) finding that the appellees are entitled to postjudgment interest from the date of the entry of the judgments in favor of the appellees and against Steichen, instead of from the date that judgment was entered against Coregis; and (8) awarding additional attorney fees to the appellees.

## STANDARD OF REVIEW

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[2] In reviewing a

---

[2] *Peterson v. Ohio Casualty Group*, 272 Neb. 700, 724 N.W.2d 765 (2006).

summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.[3]

The interpretation of an insurance policy is a question of law.[4] When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court.[5]

## ANALYSIS

### MOTIONS FOR SUMMARY JUDGMENT

Coregis contends that the district court erred in denying its motion for summary judgment and in granting the appellees' motion for summary judgment. Coregis asserts that summary judgment should have been entered in its favor because exclusions A and L of the Policy preclude coverage for the appellees' claims.

The question of whether Coregis has funds belonging to Steichen which the appellees now seek to garnish depends on whether coverage under the Policy was precluded by any policy exclusions. The claim of a judgment creditor garnishor against a garnishee can rise no higher than the claim of the garnishor's judgment debtor against the garnishee.[6] If Coregis does not owe a duty to indemnify Steichen under the Policy, there are no funds in the hands of Coregis to be garnished by the appellees.

Before we address Coregis' claim that coverage is precluded under the Policy based upon exclusions A and L, we must first determine whether Coregis may challenge coverage based on those exclusions. The appellees contend that under *Metcalf v. Hartford Acc. & Ind. Co.*,[7] Coregis may not now allege that

---

[3] *Id.*

[4] *Jones v. Shelter Mut. Ins. Cos., ante* p. 186, 738 N.W.2d 840 (2007).

[5] See *id.*

[6] *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002).

[7] *Metcalf v. Hartford Acc. & Ind. Co.*, 176 Neb. 468, 126 N.W.2d 471 (1964).

coverage is precluded under the Policy exclusions. In *Metcalf*, we stated that where an insurance company is notified of a pending suit against an insured and has a full opportunity to defend the action, the judgment against the insured, if obtained without fraud or collusion, will be conclusive against the insurance company.

Coregis is not attacking the judgments obtained by the appellees against Steichen. Rather, it is asserting that it is not liable to pay those judgments because its coverage is excluded under the terms of the Policy. Because Coregis' liability under the terms of the Policy was not litigated in the appellees' separate actions against Steichen, we determine that the appellees' argument is without merit.

■ An insurance policy is a contract between an insurance company and an insured, and as such, the insurance company has the right to limit its liability by including limitations in the policy definitions.[8] If the definitions in the policy are clearly stated and unambiguous, the insurance company is entitled to have such terms enforced.[9]

■ Insurance contracts, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used. If the terms of the contract are clear and unambiguous, they are to be taken and understood in their plain, ordinary, and popular sense.[10] An ambiguity exists only when the policy can be interpreted to have two or more reasonable meanings.[11] The language of an insurance policy should be read to avoid ambiguities, if possible, and the language should not be tortured to create them.[12] We explained in *O'Toole v. Brown*:

> """[T]he parties to an insurance contract may make the contract in any legal form they desire, and . . . insurance

---

[8] *Jones v. Shelter Mut. Ins. Cos., supra* note 4.

[9] *Id.*

[10] *Safeco Ins. Co. of America v. Husker Aviation, Inc.*, 211 Neb. 21, 317 N.W.2d 745 (1982).

[11] *O'Toole v. Brown*, 228 Neb. 321, 422 N.W.2d 350 (1988).

[12] *Hillabrand v. American Fam. Mut. Ins. Co.*, 271 Neb. 585, 713 N.W.2d 494 (2006).

> companies have the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations, not inconsistent with public policy. If plainly expressed, insurers are entitled to have such exceptions and limitations construed and enforced as expressed." "[13]

The burden to prove that an exclusionary clause in a policy applies rests on the insurer.[14]

Exclusion L unambiguously provides that coverage under the Policy is excluded for "any CLAIM arising out of conversion, misappropriation or improper commingling of funds." A claim is defined as "a demand made upon any INSURED for DAMAGES, including, but not limited to, service of suit or institution of arbitration proceedings against any INSURED." The question presented here is whether the appellees' claims arise out of conversion, misappropriation, or the improper commingling of funds.

The appellees argue that their claims against Steichen are based on Steichen's failure to communicate settlement offers and his dismissal of their lawsuits outside the statute of limitations, thereby preventing them from obtaining fair compensation for their injuries. The appellees argue that although Steichen may have committed acts of conversion, misappropriation, and/or the commingling of funds, these acts were not the proximate cause of the appellees' damages.

In *O'Toole*,[15] this court was asked to determine whether the phrase "'arising out of the actions of any horses'" required more than a causal connection between the actions of the horses and the accident or injury. Noting that the court was rendering an opinion on the theoretical meaning of a phrase in an insurance policy under the facts presented, this court concluded that "arising out of" does not require more than a causal connection between the accident and injury.[16] Thus, in this case, the phrase

---

[13] *O'Toole v. Brown, supra* note 11, 228 Neb. at 326, 422 N.W.2d at 353.

[14] *Peterson v. Ohio Casualty Group, supra* note 2.

[15] *O'Toole v. Brown, supra* note 11, 228 Neb. at 323, 422 N.W.2d at 352.

[16] See *id.*

"any CLAIM arising out of conversion, misappropriation or improper commingling of funds" does not require more than the existence of a causal connection between the claim and any alleged conversion, misappropriation, or improper commingling of funds by Steichen.

The appellees each made a claim against Steichen for legal malpractice. In the district court's order granting summary judgment in favor of Miller, the court found that Miller had alleged Steichen endorsed Miller's settlement check, which amounted to $30,000, without Miller's authority. In the district court's order granting summary judgment in favor of Fokken, the court found that Fokken had alleged Steichen endorsed Fokken's settlement check, which amounted to $8,627.57, without Fokken's knowledge or consent. In the separate answers filed by Steichen in each of these cases, Steichen admits that he did not pay to either Miller or Fokken her or his share of the settlement proceeds.

Steichen's endorsement of Miller's and Fokken's names on the settlement checks and his retention of the settlement proceeds constituted conversion, misappropriation, and improper commingling of funds. These are exactly the activities excluded under exclusion L of the Policy.

Although Steichen's withholding of the settlement proceeds may not be the sole basis for the appellees' claims, those actions were causally connected. Because coverage under the Policy is precluded under exclusion L, we determine that coverage for the amounts converted, misappropriated, and improperly commingled are not covered under the Policy. In Miller's case, that amount is $30,000, and in Fokken's case, that amount is $8,627.57. We must further determine, however, whether the balance of the judgments against Steichen are precluded under the provisions of the Policy.

Exclusion A of the Policy unambiguously provides that coverage under the Policy is excluded for "any CLAIM that results in a final adjudication against any INSURED that an INSURED has committed any criminal, dishonest, fraudulent or malicious acts, errors, omissions or PERSONAL INJURIES." The appellees argue that although Steichen's acts of forgery and his conversion of settlement funds to his own use may be criminal,

dishonest, fraudulent, or malicious, it was not those acts upon which they obtained their judgments against Steichen.

In its order granting Fokken's motion for summary judgment, the district court stated the following:

> [Fokken] alleges in his Petition and . . . Steichen admits in his Answer previously filed herein that . . . Steichen accepted a settlement offer from State Farm Automobile Insurance Company without [Fokken's] authority and stipulated to a dismissal of his lawsuit, Steichen signed a Release and endorsed a settlement check without [Fokken's] knowledge or consent, which act [Fokken] claims herein constitute legal malpractice on the part of . . . Steichen, including, but not limited to . . . Steichen's: a) failure to communicate to [Fokken] all settlement offers; b) in accepting a settlement offer on [Fokken's] behalf without approval or consent of [Fokken]; c) in allowing a lawsuit to be dismissed with prejudice after the statute of limitations would bar any further action; and d) in breaching his professional fiduciary duty to act in the best interest of his client. The Court specifically recognizes all of the above allegations to be well-accepted theories of recovery under legal malpractice or professional negligence and constituting a departure below the generally accepted standard of care for attorneys practicing in Omaha, Douglas County, Nebraska, or similar communities.

Without further explanation, the district court went on to enter judgment against Steichen on the issue of liability.

In paragraph 3 of its order granting Miller's motion for summary judgment, the district court noted that the acts by Steichen allegedly constituting legal malpractice included, but were not limited to,

> Steichen's (a) failure to communicate to [Miller] all settlement offers; (b) in accepting a settlement offer on [Miller's] behalf without the approval or consent of [Miller]; (c) in placing [Miller's] signature on the Release and endorsing the settlement check without [Miller's] authority; (d) in allowing the lawsuit to be dismissed with prejudice after the statute of limitations would bar any further claims; and

(e) in breaching his professional and fiduciary duties to act in the best interests of his client.

The district court went on to find that Miller's motion for summary judgment on the issue of liability "should be granted in its entirety on the basis plead [sic] and set forth above in paragraph 3(a-e)."

With regard to Fokken, we read the district court's order as finding that the allegations that Steichen signed Fokken's name on the release and settlement check without Fokken's authorization were among those allegations constituting legal malpractice and, therefore, adjudicating Steichen of those actions. With regard to Miller, the court found that Steichen's unauthorized signature of Miller's name, among other acts, constituted legal malpractice. Thus, Steichen was adjudicated of those acts in Miller's case as well. Steichen's unauthorized endorsement of Miller's and Fokken's names constituted a dishonest act. Because the district court in both Fokken's and Miller's cases adjudicated Steichen of committing those dishonest acts, coverage is precluded under exclusion A of the Policy for the balance of the appellees' judgments against Steichen.

## REMAINING ASSIGNMENTS OF ERROR

■ Because we have determined that coverage under the Policy is precluded under exclusions A and L, we do not address Coregis' remaining assignments of error. An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it.[17]

## CONCLUSION

For the reasons discussed above, we determine that the district court erred in granting the appellees' motion for summary judgment and in denying Coregis' motion for summary judgment. Accordingly, we reverse, and remand with directions to. the district court to grant Coregis' motion for summary judgment.

REVERSED AND REMANDED WITH DIRECTIONS.

---

[17] *State v. Sommer*, 273 Neb. 587, 731 N.W.2d 566 (2007).