761 N.W.2d 916 (2009)
277 Neb. 308
STATE of Nebraska ex rel. L. Tim WAGNER, Director of Insurance of the State of Nebraska, as Liquidator of Amwest Surety Insurance Company, Appellant,
v.
UNITED NATIONAL INSURANCE COMPANY et al., Appellees.
No. S-07-1160.
Supreme Court of Nebraska.
March 6, 2009.
*918 Robert L. Nefsky, John H. Binning, and Jane F. Langan, of Rembolt Ludtke, L.L.P., Lincoln, and Mark I. Wallach and Matthew M. Mendoza, of Calfee, Halter & Griswold, L.L.P., Cleveland, OH, for appellant.
Jerald L. Rauterkus, of Erickson & Sederstrom, P.C., Lincoln, and, of Counsel, Michael P. Comiskey and Hugh S. Balsam, of Locke, Lord, Bissell & Liddell, L.L.P., Chicago, IL, for appellee United National Insurance Company.
Kevin J. Schneider and Travis P. O'Gorman, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., Lincoln, and R. Douglas Rees and Lauren N. Pierce, of Cooper & Scully, P.C., Dallas, TX, for appellee General Agents Insurance Company of America, Inc.
HEAVICAN, C.J., CONNOLLY, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
HEAVICAN, C.J.

INTRODUCTION
L. Tim Wagner, acting as liquidator, appeals the order of the Lancaster County District Court granting summary judgment to United National Insurance Company (United National) and General Agents Insurance Company of America, Inc. (GAINSCO). The liquidator was acting pursuant to the authority granted him under the Nebraska Insurers Supervision, Rehabilitation, and Liquidation Act, Neb. Rev.Stat. § 44-4801 et seq. (Reissue 1998) (Liquidation Act), on behalf of the insolvent insurance company, Amwest Surety Insurance Company (Amwest). The district court found that a regulatory exclusion within the United National and GAINSCO insurance policies applied to Amwest and the liquidator, and granted summary judgment to the insurance companies. The liquidator claims the regulatory exclusions contained in the policies do not apply to the liquidator in his statutory capacity and that, in any case, the exclusion is void as against public policy. We find the regulatory exclusion does apply and is not void as against public policy. We therefore affirm.

BACKGROUND
Amwest is an insolvent Nebraska insurance company in liquidation pursuant to the Liquidation Act. The Director of Insurance was appointed to serve as liquidator for Amwest under § 44-4818(1). Amwest's headquarters were previously located in Calabasas, California, and it is a wholly owned subsidiary of Amwest Insurance *919 Group, Inc., a Delaware corporation. United National is a Pennsylvania corporation with its place of business in Pennsylvania, but is licensed to sell, and has sold, insurance in the State of Nebraska. GAINSCO is an Oklahoma corporation with its principal place of business located in Texas. GAINSCO is also engaged in the business of insurance and is licensed to sell, and has sold, insurance in Nebraska. GAINSCO has since been dismissed from the action, however, and Wagner has since died and has been replaced by his successor in office, Ann Frohman. (For simplicity, when referring to the actions of the director while serving as liquidator, we will use the term "the liquidator.")
Amwest purchased a "Directors, Officers and Corporate Liability" (D & O) insurance policy from National Union Fire Insurance Company (National Union) of Pittsburgh, Pennsylvania, on September 30, 1999. Amwest also purchased D & O policies from United National and GAINSCO. The United National policy was in excess to the National Union policy, and the GAINSCO policy was in excess to both policies. Each supplemental policy carried a limit of $5 million.
The liquidator filed this action against the insurance companies on January 26, 2006. This action is closely related to the liquidator's separate lawsuit against the directors and officers of Amwest. The liquidator has alleged that Amwest became insolvent through the wrongful conduct and breach of multiple fiduciary duties of its officers and directors. The liquidator brought the action to request that the district court invalidate the regulatory exclusions contained in both the United National and GAINSCO policies. The United National regulatory exclusion provides:
This Policy does not apply to any Claims brought by or on behalf of, any insurance regulatory agency or supervisory authority including but not limited to any state or local insurance department or Commission, or any state or local Insurance Guaranty or Insolvency Fund (any of the foregoing organizations hereafter referred to as an "Agency"), including any type of legal or equitable action which such Agency has the legal right to bring as receiver, conservator, liquidator or assignee of the insured, its security/unit holders or its creditors, or otherwise; whether such action or proceeding is brought in the name of such Agency or by or on behalf of such Agency in the name of any other entity(ies) or solely in the name of any third entity(ies).
The district court found that the regulatory exclusion applied to the liquidator and was not void as against public policy and granted summary judgment to United National and GAINSCO. The liquidator appeals.

ASSIGNMENTS OF ERROR
The liquidator assigns that the district court erred in (1) finding that the regulatory exclusion applied to the liquidator and (2) failing to hold that the regulatory exclusion was void as against public policy.

STANDARD OF REVIEW
[1] Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[1]
*920 [2] When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling.[2]

ANALYSIS

REGULATORY EXCLUSION APPLIES TO LIQUIDATOR
[3] We first address the argument that the regulatory exclusion in the policy does not apply to the liquidator. Essentially, the liquidator argues that the position of liquidator cannot be considered as an "`agency, authority, department, fund, or organization'" under the regulatory exclusion.[3] United National argues that because the Director of Insurance is the liquidator, the liquidator is a "`supervisory authority'" under the regulatory exclusion.[4] The liquidator claims that the role of liquidator is legally separate from the role of Director of Insurance and that the liquidator is an officer of the court and is under the authority of the court. For that reason, the liquidator claims he cannot be considered as either an "`agency'" or an "`authority.'"[5] We do not find this argument persuasive.
Section 44-4818(1) provides that the Director of Insurance and his or her successors in office shall be appointed as liquidator of an insolvent domestic insurance company. The liquidator is granted statutory authority to act under § 44-4821. The statute states that "[t]he liquidator shall have the power" to (among other things) appoint a special deputy to act for him or her, employ various personnel and experts as necessary, appoint an advisory committee with approval from the court, fix compensation for employees, pay reasonable compensation, hold hearings, audit books and records, and collect debts and money.
The language of United National's regulatory exclusion specifically precludes
any type of legal or equitable action which such Agency has the legal right to bring as receiver, conservator, liquidator or assignee of the insured ... whether such action or proceeding is brought in the name of such Agency or by or on behalf of such Agency in the name of any other entity(ies) or solely in the name of any third entity(ies).
(Emphasis supplied.)
The district court pointed out in its order that while the roles of liquidator and director are not identical, "the Director while serving as Liquidator still carries out regulatory and supervisory functions in an effort to oversee the business of insurance in Nebraska." The language of the regulatory exclusion clearly applies to the liquidator in this case.
[4-6] We have previously held that if the terms of an insurance policy are clear and unambiguous, then those terms will be enforced.[6] And insurance contracts, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used. If the terms of the contract are clear and unambiguous, they are to be taken and understood in their plain, ordinary, and popular sense.[7] We find that the plain language of the regulatory exclusion applies to the liquidator.

*921 REGULATORY EXCLUSION IS NOT VOID AS AGAINST PUBLIC POLICY
[7, 8] We next turn to the liquidator's argument that the district court erred when it failed to invalidate the regulatory exclusion as against public policy. The liquidator argues that because § 44-4821 grants the liquidator the right to enforce all the rights, remedies, and powers of any insured, creditor, or shareholder, the regulatory exclusion is in direct conflict with the provisions of the Liquidation Act. The liquidator also argues that the regulatory exclusion is against public policy, because the exclusion blocks the liquidator's ability to carry out his or her statutory duties.
The liquidator cites § 44-4821(1)(h) and (u). Section 44-4821(1)(h) grants the liquidator the power "[t]o collect all debts and money due and claims belonging to the insurer, wherever located...." The power to collect debts was granted for three express purposes: "[t]o institute timely action in other jurisdictions ... [t]o do such other acts as are necessary or expedient to collect, conserve, or protect its assets or property ... and ... [t]o pursue any creditor's remedies available to enforce his or her claims."[8] Section 44-4821(1)(u) grants the liquidator the power "[t]o exercise and enforce all the rights, remedies, and powers of any insured, creditor, shareholder, or member, including any power to avoid any transfer or lien that may be given by the general law...."
There is no direct conflict between the statutory provisions and the regulatory exclusion. The liquidator argues that the statute grants the liquidator any remedies available to an insured, creditor, shareholder, or member and that the regulatory exclusion strips one of those remedies from the liquidator. The regulatory exclusion does not conflict with the statute, because under the terms of the policy, the liquidator may still have a claim against the personal assets of the directors and officers.
[9, 10] We have continuously upheld the freedom to contract.[9] We have also stated that "`"[i]t is not the province of courts to emasculate the liberty of contract by enabling parties to escape their contractual obligations on the pretext of public policy unless the preservation of the public welfare imperatively so demands."'"[10] Unless the case is one that is free from doubt, "[t]he respective parties to a contract bear risks that the conditions under which the contract was entered will change and become less favorable to them over the course of the contract's term."[11]
The liquidator, as Director of Insurance, approved, or did not disapprove, a significant number of exclusions like the one involved in this case. In his deposition, the liquidator conceded there is no stated public policy addressing regulatory exclusions in Nebraska. And the district court pointed out that in Nebraska, "it is the Director of Insurance's duty to approve or disapprove insurance policies based on their conformance with public policy and *922 the provisions and intent of the law in Nebraska."
Although we have said that the sole fact that the Department of Insurance approves a policy is not determinative,[12] the liquidator, as director, admitted he was unaware of a clear public policy prohibiting regulatory exclusions. Furthermore, there is no statutory requirement that an insurance company carry D&O coverage. Upholding the regulatory exclusion does not violate any clearly articulated public policy in Nebraska, but voiding the provision would undermine our policy supporting freedom to contract. We therefore find that the regulatory exclusion does not violate public policy, and we find that the liquidator is barred from recovery under the regulatory provision.

CONCLUSION
The plain language of the regulatory provision applies to the liquidator, and the regulatory exclusion does not violate a clearly articulated public policy. We therefore affirm the decision of the district court granting summary judgment to United National.
AFFIRMED.
GERRARD, J., participating on briefs.
WRIGHT, J., not participating.
NOTES
[1] Hughes v. Omaha Pub. Power Dist., 274 Neb. 13, 735 N.W.2d 793 (2007).
[2] Eggers v. Rittscher, 247 Neb. 648, 529 N.W.2d 741 (1995).
[3] Brief for appellant at 14.
[4] Brief for appellee United National at 13.
[5] Brief for appellant at 14.
[6] See Fokken v. Steichen, 274 Neb. 743, 744 N.W.2d 34 (2008).
[7] Id.
[8] § 44-4821(1)(h)(i) to (iii).
[9] Parkert v. Lindquist, 269 Neb. 394, 693 N.W.2d 529 (2005); American Fam. Mut. Ins. Co. v. Hadley, 264 Neb. 435, 648 N.W.2d 769 (2002); Hood v. AAA Motor Club Ins. Assn., 259 Neb. 63, 607 N.W.2d 814 (2000); OB-GYN v. Blue Cross, 219 Neb. 199, 361 N.W.2d 550 (1985).
[10] OB-GYN, supra note 9, 219 Neb. at 204, 361 N.W.2d at 554, quoting E.K. Buck Retail Stores v. Harkert, 157 Neb. 867, 62 N.W.2d 288 (1954).
[11] Jeffrey Lake Dev. v. Central Neb. Pub. Power, 262 Neb. 515, 523, 633 N.W.2d 102, 109 (2001).
[12] Rawlings v. Amco Ins. Co., 231 Neb. 874, 438 N.W.2d 769 (1989).